UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Patrick Williams,                                                    Case No. 16-cv-2676

                    Petitioner

       v.                                                              MEMORANDUM OPINION

Tom Schweitzer,

                    Respondent

## I.    INTRODUCTION

Before me are: (1) Respondent Tom Schweitzer's motion to dismiss Petitioner Patrick Williams' § 2254 habeas petition as time-barred (Doc. No. 7); (2) Magistrate Judge Jonathan D. Greenberg's Report and Recommendation (Doc. No. 10); (3) Petitioner's objections to the R & R (Doc. No. 11); and (4) Respondent's response to Petitioner's objections. (Doc. No. 12).

## II.    BACKGROUND

On November 29, 2007, Petitioner Patrick Williams was convicted by a jury in the Cuyahoga County, Ohio Court of Common Pleas of one count of aggravated murder, one count of murder, and two counts of felonious assault, all with firearm specifications. (Doc. No. 7-1 at 11). At the time, he was seventeen years old and was sentenced to life in prison with the possibility of parole after 23 years.

Williams appealed his conviction to the Ohio Eighth District Court of Appeals, raising the following four assignments of error:

> I. The evidence was insufficient as a matter of law to support a finding beyond a reasonable doubt that the appellant was guilty of aggravated murder, murder, and felonious assault.
>
> II. Appellant's convictions for aggravated murder, murder and felonious assault were against the manifest weight of the evidence.

III. The trial court abused its discretion by giving the jury a flight instruction.

IV. Appellant was denied his right to effective assistance of counsel guaranteed by Article I, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution when trial counsel failed to subpoena an alibi witness and failed to question or otherwise challenge Juror No. 11, Mr. Klamert, during the voir dire stage of the trial.

*Id.* at 16-52. The Court of Appeals affirmed the judgment, releasing its opinion on April 30, 2009, and journalizing it on May 11, 2009. *Id.* at 77-103. Williams did not appeal to the Supreme Court of Ohio.

Williams did not pursue any other legal action until June 2013, when he moved to stay the imposition of restitution, fines and court costs, or both. *Id.* at 104. The motion was denied as moot since Williams was declared indigent, waiving his financial obligations. *Id.* at 109.

In May 2014, Williams filed an Ohio Rule 26(B) Application to reopen his appeal based on ineffective assistance of appellant counsel. *Id.* at 110-17. He supported the motion with allegations that:

I. Appellate counsel failed to raise the issue of ineffective assistance of trial counsel in failing to move for a mistrial based upon the State's improper attack on Appellant's alibi.

II. Appellate counsel failed to raise the issue of ineffective assistance of trial counsel for failing to file an [sic] litigate a motion to suppress identification evidence.

III. Appellate counsel failed to raise the issue of prosecutorial misconduct which prejudiced Appellant's right to a fair trial.

*Id.* The Court of Appeals denied his application. *Id.* at 135-42. Williams appealed to the Supreme Court of Ohio, who initially accepted the appeal but dismissed it, "sua sponte, as having been improvidently accepted" on November 4, 2015. *Id.* at 143-53, 162, 229.

On November 2, 2016, Williams, with the assistance of counsel, filed this § 2254 habeas petition. (Doc. No. 1). Respondent moved to dismiss the petition as time-barred. (Doc. No. 7). Magistrate Judge Greenberg recommends I dismiss Williams' petition since it was filed after the statute of limitations expired and may not be considered on the merits under the doctrines of

equitable tolling or actual innocence. (Doc. No. 10). Williams does not object to the factual or procedural findings in the R & R. (Doc. No. 11). I, too, find these sections to be accurate, and adopt them in full. *Id.* at 1-12.

### III.   STANDARD

Under the relevant statute, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1); *United States v. Campbell,* 261 F.3d 628 (6th Cir. 2001). The failure to file written objections to the Magistrate Judge's report and recommendation constitutes a waiver of a determination by the district court of an issue covered in the report. *Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). The purpose of these written objections is "to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately'" while "focus[ing] attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting *Walters*, 638 F.2d at 950, and *Arn*, 474 U.S. at 147). Therefore, the objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also Norman v. Astrue*, 694 F.Supp.2d 738, 740 (N.D. Ohio 2010).

### IV.   DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year statute of limitations for filing a habeas corpus petition. 28 U.S.C. § 2244(d)(1). In this case, the limitation period ran from the day Williams could no longer appeal the ruling of the Ohio Court of Appeals to the Supreme Court of Ohio as of right—June 15, 2009. *See* 28 U.S.C. § 2244(d)(1)(A)

3

("The limitations period shall run from…the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."). In his objections, Williams does not challenge the finding that his habeas petition was filed after the statute of limitations had run. (Doc. No. 11). Instead, he argues that his petition should be considered on the merits on grounds of equitable tolling or actual innocence. Both are recognized by the Supreme Court as equitable means by which a habeas petition, otherwise barred by the statute of limitations, may be considered on the merits. *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013) (actual innocence).

A.   Equitable Tolling

The AEDPA statute of limitations may be equitably tolled if a petitioner shows both: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Williams alleges that he has diligently pursued his rights by citing his initial pursuit of direct appeal and his filings beginning with the 2013 motion to vacate fines and costs. To satisfy the extraordinary circumstances element, Williams refers to his alleged ineffective assistance of appellate counsel which prevented him from timely appealing his direct appeal to the Supreme Court of Ohio as well as his own lack of education, legal training, and resources.

I do not find Williams satisfies the element of diligence. After the Court of Appeals affirmed his conviction in 2009, Williams did not appeal to the Supreme Court of Ohio. He justifies his failure to timely appeal by asserting, among other things, that he never learned of the adverse appellate decision. But I find this excuse to be disingenuous. A defendant diligently pursuing his rights would not sit idly for five years, without attempting to learn the status of his appeal. Williams offers no excuse as to why he failed to inquire into the status of the appeal or research other post-conviction options in the five years between the time the appeal became final and when he moved to reopen the appeal. Although Williams did eventually seek to reopen the appeal and pursued the

4

appeal to the state's highest court on this matter, he waited another year after the conclusion of the Rule 26(B) Application proceedings to file his § 2254 habeas petition. *See e.g.*, *Pace*, 544 U.S. at 410-12, 419 (finding a petitioner had not acted with reasonable diligence when he waited approximately four years after conclusion of direct state proceedings to file for state post-conviction relief and waiting another five months after final judgment on the delayed state post-conviction relief to file a federal habeas petition). While some delay may be justified, I do not find Williams to be acting with the reasonable diligence required to apply the extraordinary remedy of equitable tolling.

B. Actual Innocence

Under the law, actual innocence applies when a petitioner is "innocent of the charge for which he was incarcerated." *Schlup v. Delo*, 513 U.S. 298, 321 (1995) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 452 (1986)). In his objections, Williams contends he is actually innocent because his "trial counsel failed to properly raise and litigate a motion to suppress identification evidence" and alleges he was not given an opportunity to cross-examine the witness because of the juvenile bind-over hearing. (Doc. No. 11 at 3). Because his claim of actual innocence does not stand alone but is dependent on his constitutional claims, actual innocence serves as "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993); *see also McGuiggin*, 133 S.Ct. at 1928 (applying the actual innocence principle to the AEDPA statute of limitations).

Actual innocence is rarely found, applying only in extraordinary cases when a petitioner "persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McGuiggin*, 133 S.Ct. at 1928 (quoting *Schlup*, 513 U.S. at 329). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. The new evidence need not be admissible under the Rules of Evidence. *Id.*

5

at 327. Nor does the "new evidence" need to be newly discovered. *Id.* at 328. Instead, when evaluating actual innocence, the district court may "consider the probative force of relevant evidence that was either excluded or unavailable at trial." *Id.* at 327-28. This must be done through the eyes of a reasonable juror who "would consider fairly all of the evidence presented" and "conscientiously obey the instructions of the trial court requiring proof beyond a reasonable doubt." *Id.* at 329.

Williams does not introduce any new evidence, but does suggest in his objections that the identification evidence introduced at trial should have been suppressed. Specifically, he states, "The other witness who did identify Petitioner was contaminated by viewing a single photo of Petitioner prior to making a positive identification." (Doc. No. 11 at 3). He also asserts that because of a juvenile court bind-over hearing, he was not given the opportunity to cross-examine the identification witness. *Id.* I find both arguments meritless.

First, Williams makes no argument as to how cross-examination of identification witnesses during the bind-over juvenile hearing is relevant to his actual, factual innocence. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency."). He was able to cross-examine the identification witnesses during his jury trial before conviction. Therefore, he was given the opportunity to elicit facts from the identification witnesses to suggest his actual innocence prior to conviction. Because the additional cross-examination was not his only opportunity to demonstrate misidentification, I find this argument immaterial to the question of actual innocence.

With respect to the issue of suppression, I find the Ohio Court of Appeals has essentially already adjudicated this issue. On direct appeal to the Ohio Court of Appeals, Williams first raised the issue of sufficiency of the identification witnesses. (Doc. No. 7-1 at 36). The court held that Erika Wright's testimony alone, "if believed, was sufficient to prove that Williams was the shooter beyond a reasonable doubt." *Id.* at 89. In reasoning, the court acknowledged the fact that it was dark and the shooter was wearing a hoodie, but found that, given the previous interactions between

6

the two, Wright could have identified Williams in these conditions.  *Id.*  Despite Williams' insinuation that the photo array was unduly suggestive, the court also noted the fact that Wright named Williams as the shooter before any photo array took place.  *Id.* at 86.  Williams did not appeal to the Supreme Court of Ohio.  Although he sought to reintroduce this issue in his Rule 26(B) Application to Reopen the Appeal under the umbrella of an ineffective assistance of appellate counsel claim, the application was denied and the issue was not adjudicated as one of suppression. *Id.* at 115, 136-42.  Because Williams asserts no new evidence which would affect the holding of the Ohio Court of Appeals' opinion on the matter, he has not met the requirements of actual innocence.

V.     CONCLUSION

Williams failed to file his § 2254 habeas petition within the statute of limitations.  For the foregoing reasons, neither equitable tolling nor actual innocence apply so that I may consider the petition on the merits.  In accordance with Magistrate Judge Greenberg's R & R, Williams' § 2254 petition is dismissed, with prejudice, as time-barred.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
